UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:12-cr-102 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| ISSA KANTE, | |
| Defendant. | |

**ORDER**

This case is before the Court on several pending motions: (1) Defendant's Motion to Appoint Counsel (Doc. 47) for purposes of his appeal; (2) a Petition to Recover Seized Property filed by Third-Party Petitioner Sekou Doumboya (Doc. 48), through counsel; (3) the Government's Motion to Stay Ancillary Proceedings (Doc. 53); and (4) the Government's Motion requesting that the Court appoint Counsel for Defendant for purposes of forfeiture proceedings.

The Court **DENIES** as **MOOT** Defendant's Motion to Appoint Counsel (Doc. 47) for purposes of appeal because the Sixth Circuit has already appointed Counsel for Defendant in that capacity. The Court **GRANTS** the Government's Motion to Appoint Counsel for Defendant for purposes of forfeiture (Doc. 54), and appoints Cheryll Bennett of the Office of the Federal Public Defender to represent Defendant in that regard.

With regard to Petitioner's Motion to Recover Seized Property, Petitioner seeks the return of a title 2003 Toyota RAV 4 automobile, a iPhone 3GS, a Motorola cell

phone, three laptop computers and $24,850 in cash. (Doc. 48). The Government filed a memorandum in opposition to that Petition (Doc. 52) and also moved to stay ancillary forfeiture proceedings with regard to the $24,850 in cash seized. (Doc. 53). Petitioner did not file a reply memorandum in support of his Petition and the time for doing so has expired. Petitioner also filed no opposition to the Government's request to stay the ancillary forfeiture proceedings and the time for doing so has expired.

Pursuant to Fed. R. Crim. P. 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Advisory Committee Notes to Criminal Rule 41 advise that:

> No standard is set forth in the rule to govern the determination of whether property should be returned to a person aggrieved either by an unlawful seizure or by deprivation of the property. The fourth amendment protects people from unreasonable seizures as well as unreasonable searches, United States v. Place, 462 U.S. 696, 701 (1983), and reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property.

Fed. R. Crim. P. 41(a) (Advisory Committee Notes to 1989 Amendments). The Government presents the affidavit testimony of Special Agent Chinique Henderson, who testifies that the phone and computers were all returned on or about October 25, 2012. Because it appears that the phone and computers were returned to Petitioner, the Court **DENIES** Petitioner's Petitioner in this regard as **MOOT**.

With regard to the vehicle title, the Government argues that the request must be denied at this time because of a continuing need for the title as evidence. As set forth in Rule 41, "[i]f the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable." Fed. R. Crim. P. 41(a)

2

(Advisory Committee Notes to 1989 Amendments). Thus, "[a] defendant's motion for return of property will be unavailing where the government has a continuing interest in the property." *United States v. Bolze*, No. 3:09-cr-93, 2011 WL 7052800, *2 (E.D. Tenn 2011) (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981)). Because the Government has a continuing interest in the title, the Court **DENIES** Petitioner's request in this regard.

Finally, with regard to the $24,850 in cash, the Government argues that a determination on the return of the cash should be stayed pending completion of Defendant's direct appeal in this case. For the reasons set forth by the Government in its Motion, and absent opposition by Petitioner, the Court **GRANTS** the Government's request and **STAYS** ancillary proceedings concerning the $24,850 in cash.

Accordingly, based on all of the foregoing, the Court: (1) **DENIES** Defendant's Motion to Appoint Counsel for purposes of appeal (Doc. 47) as **MOOT**; (2) **DENIES IN PART AND STAYS IN PART** Petitioner Sekou Doumboya's Petition to Recover Seized Property (Doc. 48); (3) **GRANTS** the Government's Motion to Stay Ancillary Proceedings (Doc. 53); and (4) **GRANTS** the Government's Motion to Appoint Counsel for Defendant for purposes of forfeiture (Doc. 54).

**IT IS SO ORDERED.**

Date: 6/19/2013

Timothy S. Black
United States District Judge